IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TELETRACKING TECHNOLOGIES, INC.<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITY OF COLORADO HEALTH,<br><br>Defendant. | Civil Action No. 2:21-cv-1186 |

## COMPLAINT

Plaintiff TeleTracking Technologies, Inc. ("TeleTracking") brings this action against University of Colorado Health "(UCHealth")  for breach of contract.

## PARTIES

1. TeleTracking is a Delaware corporation with its principal place of business located at The Times Building, 336 Fourth Avenue, Pittsburgh, PA 15222.

2. UCHealth is a not-for-profit corporation with its principal place of business at 12605 E. 16th Avenue, Aurora, CO 80045.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this dispute pursuant to 28 U.S.C. § 1332, as there is diversity of citizenship between the parties and the amount in controversy exceeds seventy-five thousand dollars.

4. Venue is appropriate in this Court because the Plaintiff's headquarters are within this judicial district, and a substantial portion of the events giving rise to the claim occurred in this judicial district.

## BACKGROUND

5. TeleTracking is a software technology leader, providing hospitals and health

1

systems with critical operational solutions to ensure that no patient waits for the care they need.

6. TeleTracking and UCHealth entered into a TeleTracking Subscription and License Agreement ("TSLA"), effective October 19, 2016, which governs UCHealth's use of TeleTracking's software and information. A true and correct copy of the TSLA is attached hereto as Exhibit A.

7. The TSLA provides that TeleTracking would make the "Subscription Service" or "Software", as those terms are defined in the TSLA, available to UCHealth in accordance with the TSLA. Ex. A, § 2.

8. The TSLA provides that the applicable fees for the Subscription Service and/or Software would be set forth in an Order Form, which was defined as a "separate ordering document … which references and is executed by both parties pursuant to the terms and conditions of the [TSLA], and under which [UCHealth] subscribes to the Subscription Service, licenses Software, or purchases Support or Professional Services for a Designated Facility or Designated Area for the period of time specified therein." *Id.*, §§ 1, 3(a)-(b).

9. With respect to payment of fees, the TSLA provides:

> All fees for the Subscription Service, Software, Professional Services, and Support will be invoiced to Client in accordance with the relevant Order Form. Except as otherwise set forth in an Order Form, all fees and expenses due hereunder (except fees subject to reasonable and good faith dispute) will be due and payable within thirty (30) days of invoice date and are quoted and payable in United States Dollars…

*Id.*, § 12(a).

10. The TSLA also states that "all recurring fees during a Subscription Term, non-perpetual License Term, or Support Term are subject to an annual increase of 5% as of the twelve (12) month anniversary of each Start Date for the applicable Subscription Term, License Term, or Support Term." *Id.*, § 12(b).

11. Notably, the TSLA provides that:

> Except as otherwise agreed to in an Order Form, all fees and payment obligations for the Subscription Service, Software, and Support under any and all Order Forms are non-cancelable and all undisputed payments made are non-refundable. All payment obligations for Professional Services actually provided to [UCHealth] under any and all Order Forms are non-cancelable and amounts paid are non-refundable.

*Id.*, § 12(e).

12. With respect to its term, the TSLA provides that the "term of this TSLA commences on the Effective Date and continues until the later of five (5) years or the expiration of termination of all Order Forms and SOWs hereunder." *Id.*, § 19(a).

13. With respect to early termination, the TSLA provides:

> Either party may terminate this [TSLA] or an Order Form: (i) upon thirty {30} days' prior written notice to the other party of a material breach by the other party if such breach remains uncured at the expiration of such notice period; or (ii) immediately in the event the other party becomes the subject of a petition in bankruptcy or any other proceeding relating to insolvency, receivership, liquidation or assignment for the benefit of creditors. ***[UCHealth] may, upon one hundred and twenty (120) days' written notice, terminate this Agreement or an Order Form for convenience. Upon such termination, [UCHealth] will pay to TeleTracking all fees due under the Agreement and each Order Form for any remaining Subscription Term, License Term, and Support Term of each Subscription Service or Software.*** Termination of this Agreement shall not be effective as to any (i) Order Form still in effect unless the Order Form is also expressly terminated in writing, or (ii) [UCHealth] Affiliate that has executed an Order Form pursuant to this Agreement unless the Order Form is also expressly terminated in writing by the applicable [UCHealth] Affiliate.

*Id.*, § 19(e) (emphasis added).

14. "Agreement" is defined as, *inter alia*, the TSLA and "all Order Forms, exhibits, and amendments hereto." *Id.*, § 1.

15. Section 19(b) of the TSLA provides:

> **Subscription Term, License Term.** Any subscription to the Subscription Service or license to the Software shall commence on the Start Date for the applicable Subscription Service or Software, and shall continue for the period set forth in the

3

applicable Order Form for such Subscription Service or Software (each respectively, a "Subscription Term" or "License Term")….

*Id.*, § 19(b).

16. Thereafter, UCHealth submitted six (6) separate Order Forms to TeleTracking for its various hospital facilities, pursuant to the TSLA (collectively, the "Order Forms"). True and correct copies of the Order Forms Nos. 1-6 are attached hereto, respectively, as Exhibits B-G.

17. Consistent with the TSLA, the Order Forms specified the services that TeleTracking would provide to each designated facility, as well as the applicable implementation dates, fees, and Subscription and/or License Terms. *See* Exs. B-G.

18. The Order Forms all provide that they are "subject to, and governed by, the additional terms and conditions in the TSLA." Exs. B-G, Other Terms and Conditions, ¶ 1.

19. In addition, Order Form No. 6 explicitly provides: "This Order Form is non-cancellable during the License/Subscription Term…" Ex. G, ¶ 4.

20. Consistent with the payment terms in the TSLA, the Order Forms provide that UCHealth "shall pay all monthly fees for the Subscription Service, Software, and Support for each solution at each Designated Facility commencing on the first day of the month following the applicable Start Date, and continuing monthly through the end of the applicable Subscription Term, License Term, and Support Term, payable net thirty (30) days from the date of the invoice." Exs. B-G, Payment Terms and Schedule.

21. TeleTracking performed all obligations owed to UCHealth under the TSLA and Order Forms.

22. On June 2, 2020, prior to the expiration of the Subscription and/or License Terms set forth in the Order Forms, UCHealth sent a letter to TeleTracking, stating:

> this letter should serve as notice of UCHealth's intent to terminate all remaining agreements with TeleTracking and all underlying order forms inclusive of all financial obligations therein with such termination to be effective as of December 31, 2020….

(the "Termination Letter"). A true and correct copy of the Termination Letter is attached hereto as Exhibit H.

23. UCHealth never claimed that TeleTracking breached the TSLA in any way, nor is there any basis to do so. Therefore, UCHealth was purportedly attempting to terminate the TSLA and Order Forms early for "convenience" under Section 19(e) of the TSLA. Ex. A, §19(e); Ex. H.

24. Section 19(e) of the TSLA, however, requires that upon termination for convenience, "[UCHealth] will pay to TeleTracking all fees due under the Agreement and each Order Form *for any remaining Subscription Term, License Term, and Support Term* of each Subscription Service or Software." Ex. A, §19(e) (emphasis added).

25. Accordingly, TeleTracking continued to send UCHealth monthly invoices after the noticed termination date of December 31, 2020, pursuant to the TSLA and the Order Forms. *See* Exs. A-G.

26. Pursuant to the terms of the TSLA and the Order Forms, payment of the Invoices was due "net thirty (30) days from the date of the invoice." Ex. A, § 12(a); Exs. B-G, Payment Terms and Schedule.

27. As of August 30, 2021, TeleTracking has sent UCHealth 98 invoices that have not been paid, which total $397,778.71 (the "Invoices").

28. On June 1, 2021, TeleTracking sent UCHealth a letter, informing UCHealth that it was in breach of the TSLA for failure to pay the Invoices (the "Notice of Breach"). A true and correct copy of the Notice of Breach is attached hereto as Exhibit I.

29. UCHealth's total balance for the remaining terms of the TSLA and Order Forms thereunder is $1,060,690.28 (the "Total Balance") with $397,778.71 invoiced through August 2021, and a remaining unbilled balance of $662,911.57.

30. UCHealth has failed to pay any of the Invoices, and therefore is in breach of the TSLA and Order Forms thereunder.

31. UCHealth has disputed that it owes any additional money towards the Total Balance and has unequivocally stated that it does not intend to pay any future invoices.

32. Accordingly, UCHealth's conduct also amounts to an anticipatory breach of the TSLA and Order Forms thereunder, with respect to the amounts not yet invoiced.

33. TeleTracking has suffered and will continue to suffer damages until it is paid in full, per the terms of the TSLA and the Order Forms thereunder.

## COUNT I – BREACH OF CONTRACT

34. TeleTracking incorporates the preceding paragraphs as though set forth in full.

35. UCHealth terminated the TSLA and all Order Forms thereunder prior to the end of their terms.

36. Pursuant to the TSLA, which governs each of the Order Forms, UCHealth could terminate the TSLA or the Order Forms for convenience, provided that UCHealth "pay to TeleTracking all fees due under the Agreement and each Order Form for any remaining Subscription Term, License Term, and Support Term of each Subscription Service or Software." Ex. A. § 19(e).

37. The fees for the remainder of the Subscription and License Terms in the Order Forms total $1,060,690.28.

38. UCHeath has refused to pay TeleTracking $1,060,690.28 or any of the Invoices

remitted, which refusal constitutes a breach of the TSLA and Order Forms thereunder.

39. UCHealth has unequivocally stated that it does not intend to pay any future invoices, which constitutes an anticipatory breach of the TSLA and Order Forms thereunder, with respect to invoices that have noy yet been issued.

40. TeleTracking is entitled to damages for UCHealth's breach and anticipatory breach of the TSLA and Order Forms thereunder in an amount not less than $1,060,690.28.

41. TeleTracking is entitled to prejudgment interest on the amount due under the TSLA and Order Forms in accordance with Pennsylvania law.

WHEREFORE, Plaintiff TeleTracking Technologies, Inc. demands judgment against Defendant University of Colorado Health in the amount of no less than $1,060,690.28, plus pre-judgment interest and any such further relief as the Court may deem appropriate.

## JURY TRIAL DEMAND

TeleTracking demands a jury trial on all issues.

Date:  September 3, 2021
                                                      Respectfully submitted,

                                                      */s/Jayme L. Butcher*
                                                      Jayme L. Butcher, PA ID #87568
                                                      Shawna J. Henry, PA ID #316881
                                                      BLANK ROME LLP
                                                      501 Grant Street, Suite 850
                                                      Pittsburgh, PA 15219
                                                      (412) 932-2801 (phone)
                                                      (412) 932-2777 (fax)
                                                      Email: jbutcher@blankrome.com
                                                                    shenry@blankrome.com

                                                      *Counsel for Plaintiff TeleTracking Technologies, Inc.*