IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TELETRACKING TECHNOLOGIES, INC., | ) ) ) |
| Plaintiff, | ) 2:21-cv-1186 ) ) |
| v. | ) ) |
| UNIVERSITY OF COLORADO HEALTH, | ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM ORDER

**AND NOW**, this 3rd day of April, 2023, after carefully considering Plaintiff TeleTracking Technologies, Inc.'s Motion for Summary Judgment (ECF 31) and Defendant University of Colorado Health's Cross-Motion for Summary Judgment (ECF 34), it is hereby **ORDERED** that the motions are **DENIED**.

The parties entered into a TeleTracking Subscription and License Agreement, and various "Order Forms," which governed UCHealth's use of TeleTracking's software and information. ECF 33-2 to ECF 33-8. The parties agree that these documents constituted a valid contract, that the contract contained a provision in Section 19(e) of the TSLA that allowed UCHealth to terminate for "convenience," and that UCHealth terminated the contract pursuant to that provision. ECF 32, pp.8-9; ECF 34, p. 8. So, according to the parties, the only thing left for the Court to do is interpret the termination-for-convenience provision to determine the effect of UCHealth's termination on its payment obligations to TeleTracking. ECF 32, p. 1; ECF 34, p. 1. As to the proper interpretation, the parties take these positions:

| TeleTracking | UCHealth |
|---|---|
| The "plain language of Section 19(e) unambiguously requires [UCHealth] to pay for the remainder of the 60-month terms, regardless of whether it terminated for convenience." ECF 32, p. 11. | The TSLA only "obligated [University of Colorado] to pay all fees incurred and owing as of the date of termination." ECF 34, p. 8. |

In interpreting a contract, "the court must ascertain the intent of the parties."[1] *Kripp v. Kripp*, 849 A.2d 1159, 1163 (Pa. 2004). That intent is "contained in the writing itself." *Krizovensky v. Krizovensky*, 624 A.2d 638, 642 (Pa. Super. Ct. 1993). "When interpreting the contract, the entire contract should be read as a whole, [the] interpretation must seek to give effect to all of its provisions, and [the Court] will not interpret one provision of a contract in a manner which results in another portion being annulled." *EMD Performance Materials Corp. v. Marque of Brands Americas LLC*, 578 F. Supp. 3d 670, 678 (E.D. Pa. 2022) (cleaned up).

A contract is ambiguous "if, and only if, it is reasonably or fairly susceptible of different constructions and is capable of being understood in more senses than one and is obscure in meaning through indefiniteness of expression or has a double meaning." *Kirzovensky*, 624 A.2d at 642 (cleaned up). But "a contract is ***not*** rendered ambiguous by the mere fact that the parties do not agree on the proper construction." *Id.* (cleaned up; emphasis added).

The ambiguity question is "not to be resolved in a vacuum." *Donau Furnier, GmbH v. M&T Veneer Corp.*, 715 F. Supp. 2d 604, 608 (M.D. Pa. 2010) (citation omitted). Instead, the Court "must consider the actual words of the agreement," "as well as any alternative meanings offered by counsel, and extrinsic evidence offered in support of those alternative meanings." *St. Paul Fire & Marine Ins. Co. v. Lewis*, 935 F.2d 1428, 1431 (3d Cir. 1991) (citation omitted). "Extrinsic evidence may include the structure of the contract, the bargaining history, and the conduct of the parties that reflects their understanding of the contract's meaning." *Bethlehem Steel Corp. v. United States*, 270 F.3d 135, 139 (3d Cir. 2001) (cleaned up). It can also include

---

[1] The TSLA does not have a choice-of-law provision. However, the parties agree that any choice-of-law analysis is unnecessary because there is no conflict between the relevant law in Pennsylvania and Colorado, the only two jurisdictions with a potential interest in the case. ECF 32, p. 8; ECF 35, p. 8. The Court agrees but cites only Pennsylvania law for the sake of brevity.

"the parties' course of conduct." *Prudential Ins. Co. of Am. v. Prusky*, 413 F. Supp. 2d 489, 494 (E.D. Pa. 2005) (citation omitted).

"Summary judgment is improper where contractual language is ambiguous (*i.e.*, susceptible of at least two reasonable interpretations) and the parties' intent is at issue." *Vasinda v. State Farm Mut. Auto. Ins. Co.*, No. 20-224, 2022 WL 17669120, at *5 (M.D. Pa. Dec. 14, 2022) (cleaned up). That's because, "[i]n such cases, contract interpretation depends on the credibility of extrinsic evidence, which is a task for the jury." *Id.* (citation omitted).

As is clear from the parties' extensive briefing, the termination-for-convenience provision in the TSLA is susceptible to two reasonable interpretations. Both sides credibly contend that their interpretation is the only one that harmonizes all the provisions in the contract. *See, e.g.*, ECF 32, pp. 9-18; ECF 35, pp. 9-22. Both sides point to extrinsic evidence that, if found credible, could support their interpretation, and cast doubt on the other side's interpretation. *See, e.g.*, ECF 32, pp. 14-15; ECF 35, pp. 20-22; ECF 37, pp. 2-4, 10-14; ECF 39, pp. 6-13. This susceptibility to two reasonable interpretations renders the termination-for-convenience provision ambiguous. That makes summary judgment, for either side, inappropriate. *See Bohler-Uddeholm Am., Inc. v. Ellwood Grp., Inc.*, 247 F.3d 79, 100 (3d Cir. 2001) ("[W]e hold that there is sufficient evidence for the District Court's conclusion that the Agreement was ambiguous as a matter of law, and thus the court did not err in sending the issue of interpretation of the Agreement to the jury.").

BY THE COURT:

/s/ J. Nicholas Ranjan
United States District Judge